*J. Creutz, for appellees.*

---

### J. W. Boughner, et al. *v.* L. A. Brooks, et al.

[Abstract Kentucky Law Reporter, Vol. 7—599.]

**Partnership Accounts.**

Where persons hold themselves out as partners in an entire transaction and in receiving money from a commission merchant with which to buy and furnish tobacco to such merchant for sale on commission, in a suit against them for a settlement of accounts, such

persons are liable as partners, and may not avoid liability by showing that some of the money was in fact received and used by others.

### Interest on Money Advanced.

Where a commission merchant advances money to his customer to be used in buying and shipping to him tobacco to sell on commission, he receiving only the commission, in a settlement of this account, he is entitled to recover interest on his money thus advanced.

APPEAL FROM KENTON CIRCUIT COURT.

February 25, 1886.

OPINION BY JUDGE HOLT:

The appellees, Brooks, Waterfield & Co., claiming to have advanced numerous sums of money to the appellants, J. W. & W. J. Boughner, as partners, between January 1, 1878, and July 21, 1882, for the purchase of tobacco by the appellants to be forwarded to the appellees and sold by them for the appellants upon commission, brought this action for an alleged balance owing to them. The account sets forth the sums alleged to have been so advanced and gives credit by the sums received from the sales of the tobacco, less commission and expenses, and some credits arising otherwise. The answer of the appellants denies that any money was advanced to them prior to July 3, 1879, and alleges that thereafter a certain sum was advanced; but it is not equal to what the appellants say the appellees received from the sale of tobacco sent them, and the alleged value of some which then remained unsold. They also claim that the appellees confused the accounts and charged to them jointly the items of accounts growing out of tobacco ventures between the appellees and J. W. Boughner individually; also between them and J. W. and W. J. Boughner and T. T. Mann; also between them and J. W. Boughner and L. A. Brooks; and also between them and W. J. Boughner and between them and I. A. Brooks and H. E. Percival, in which latter venture J. W. Boughner testifies that he acted simply as the agent of Brooks.

It is unnecessary to review all the testimony. The action was brought in ordinary and no effort was made by either party to get into equity.. It was referred to a special commissioner, without objection from either party, to take the testimony and report upon

the condition of the accounts between the parties. He did so and his report was confirmed by the court, save it properly deducted from the amount due by the appellants a small sum allowed by the commissioners, which was in fact interest upon interest. If the appellants had held themselves out as partners in the entire transaction represented by the account sued upon, or had by their conduct led the appellees to so believe, then there was no necessity for a separation of the accounts, as claimed by them. If they had so conducted themselves as to the entire business as to be chargeable as partners, then they were liable for appellees' claim. Upon this question the testimony is quite conflicting.

In view, therefore, of the form of the action and the conclusion of the court upon this question of fact, which is presumably correct, we can not disturb the judgment. The allowance of interest upon the sums advanced, as corrected by the judgment, was not erroneous. There was no express contract for its payment; but they were cash advancements, and the commission of the appellees was for selling the tobacco and not for the use of their money. The appellant, J. W. Boughner, having testified that in the alleged transaction between the appellees upon the one part and Brooks and Percival upon the other he was acting only as the agent of Brooks, the record of the suit of Grant against J. W. Boughner and Percival was competent evidence as tending to discredit his testimony upon this point, because in it he and Percival were not partners, but in fact in it so admitted.

It is claimed that the appellees failed to credit the appellants by the value of the samples taken of their tobacco to facilitate its sale. It is shown to be the universal custom not to do so, and that this was known to the appellants, and they must be regarded as having contracted with reference to it.

Judgment *affirmed*.

*Carlisle and Carlisle, for appellants.*

*Hallam and Myers, for appellees.*